IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Devin Deneil Dinkins, | ) C/A No. 0:09-1618-CMC-PJG |
| Plaintiff, | ) |
| vs. | ) **REPORT AND** |
| | ) **RECOMMENDATION** |
| The John D. Clark Law Firm; | ) |
| John D. Clark, Attorney, | ) |
| Defendants. | ) |

This civil rights matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. The plaintiff, Devin Deneil Dinkins, ("Plaintiff"), a self-represented state prisoner, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate at Manning Correctional Institution, a facility of the South Carolina Department of Corrections, and files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint names an attorney and law firm as the sole Defendants. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed for failure to state a claim upon which relief may be granted.

### *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner,

404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable

*PJG*

in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## BACKGROUND

Plaintiff claims that he retained Defendant John D. Clark Law Firm in 2002 to represent Plaintiff regarding "an assault and battery charge that [Plaintiff] had filed against Lawrence Dinkins." (Compl., Docket Entry 1 at 3.) Defendant John D. Clark later represented Lawrence Dinkins in a federal case filed by the Plaintiff in 2008. See Devin Deneil Dinkins v. Lawrence Dinkins, et al., C/A No. 0:08-859-CMC-MAGCIV, 2008 WL 4695110 (D.S.C. Oct. 23, 2008). Thus, Plaintiff claims the Defendants should be held liable under § 1983 for "misrepresentation and deceitful malicious (obvious) conflict of interest." (Compl., Docket Entry 1 at 5.) Plaintiff also alleges that the Defendants failed to respond to Plaintiff's telephone calls and were negligent in responding to Plaintiff's requests for documents. Plaintiff seeks monetary damages and injunctive type relief.

## DISCUSSION

To state a claim for damages under 42 U.S.C. § 1983, an aggrieved party must allege: (1) that he or she was injured; (2) by the deprivation of any rights, privileges, or

Page 3 of 6

PJG

immunities secured by the Constitution and laws of the United States; (3) by a person acting under color of state law. See 42 U.S.C. § 1983. The "John D. Clark Law Firm" and "John D. Clark, Attorney" are not "persons" within the meaning of § 1983. See Monell v. Dep't of Soc. Serv., 436 U.S. 658, 690 & n.55 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"); see generally 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1230 (2002).

An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law when performing traditional functions as counsel. See Polk County v. Dodson, 454 U.S. 312, 317-324 & nn. 8-16 (1981) (public defender); Hall v. Quillen, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980)(court-appointed attorney); Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) (private attorney). Plaintiff alleges that the Defendants, an attorney and a law firm, "conducted misrepresentation involving their obligated services" when performing traditional functions as counsel in a federal civil case. (Compl., Docket Entry 1 at 3.) As the Defendants did not act "under color of state law," they are not amenable to suit under § 1983 and are entitled to summary dismissal from this action.

To the extent Plaintiff may be attempting to bring a legal malpractice or negligence action in this Court, his action must also fail. Legal malpractice claims are ordinarily a matter of state law to be heard in the state courts. See Custer v. Sweeney, 89 F.3d 1156, 1167 (4th Cir. 1996) (stating that "the law governing legal malpractice represents a traditional exercise of state authority"). Further, negligence, in general, is not cognizable under 42 U.S.C. § 1983. See Estelle v. Gamble, 429 U.S. 97, 106 (U.S. 1976) (negligent or incorrect treatment is not actionable under 42 U.S.C. § 1983). Although claims of negligence and malpractice are actionable under South Carolina law, this Court has no

PJG

jurisdiction over the parties absent diversity jurisdiction.[1]  Diversity jurisdiction is lacking in the present action because, according to the Plaintiff's service documents, he and the Defendants are residents of South Carolina.  In absence of diversity of citizenship, the amount in controversy is irrelevant.

## RECOMMENDATION

Accordingly, the court recommends that the Complaint in the above-captioned case be dismissed without prejudice and without issuance of service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 17, 2009
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

---

[1] The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties *and* an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). Complete diversity of parties means that no party on one side may be a citizen of the same State as any party on the other side.  Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 372-374 (1978).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the district judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).